*LAFON'S EXECUTORS* vs. *LAFON.*

East'n District.
*Dec.* 1823.

LAFON'S EX.
vs.
LAFON.

APPEAL from the court of probates of the parish and city of New Orleans.

PORTER, J. delivered the opinion of the court. The petitioners state, that they are the executors of the last will and testiment of the late B. Lafon; and had in their possession various papers belonging to the succession, which the defendant had violently taken from them: That he had since become convinced of the impropriety and illegality of his conduct, and had offered to restore the documents, but that they considered it to be their duty not to receive them, except through the channel of the court. They conclude by praying, that he should be ordered to deliver the papers thus taken, to the register of wills; and that the register of wills should be ordered to hand them over to the petitioners.

To this demand the defendant pleaded, that he was not sued by his real name; and that the fact alleged was not true.

The plaintiffs filed a supplemental petition, in which they designated the defendant by his proper name; and prayed that he be ordered to deliver the papers to them.

A court may, at any stage of a case, dismiss it, if it appear it has no jurisdiction of it.

*East'n District.*
*Dec. 1823.*

LAFON'S EX.
*vs.*
LAFON.

After the cause was set for trial, and their pleadings and testimony taken, the defendant pleaded, that the action was one of tort ; and that the court had no jur sdiction of it. Of this opinion was the judge of probates ; he dismissed the cause—and the plaintiffs appealed.

The first question raised by the parties in this court is, as to the time of making the exception. The appellants insist it was presented too late. That it should have preceded or accompanied the answer on the merits.

The general rule is, that pleas in abatement should be offered in *liminé litis* ; and that pleading to the merits, is a waver of them. This principle applies with more propriety to objections to the jurisdiction of the court, than any other; for the party, by presenting his defence, tacitly admits the competence of the tribunal to judge of it. The rule, however, has (like almost every other) its exceptions ; and one of them is, that where the incompetence of the judge is, in regard to the subject matter, *ratione materiæ*, the want of jurisdiction may be shewn at any stage of the cause. Consent, in such cases, cannot give jurisdiction. The court cannot legally carry into effect its judgement ; and it is, therefore, not too late, at any

LAFON'S EX.
vs.
LAFON,

period of the proceedings, to shew that it is about to do a vain thing. *Repertoire de Jurisprudence, vol.* 3, 361. *Declinatoire.* The criminal court of New Orleans entertaining jurisdiction of a cause to settle the boundaries of land, may be presented as an illustration of the correctness of the opinion just expressed.

The probate court had clearly no jurisdiction over a case of this kind ; and the judge acted wisely in saying so, as soon as he was instructed of the error he was about to commit.

It is therefore ordered, adjudged, and decreed, that the judgment of the court of probates be affirmed, with costs.

*Young* for the plaintifls, *Grymes* and *Canonge* for the defendant.